IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TOMAS HERNANDEZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV204-117

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 1346(b) and 2671, *et seq.* On June 14, 2005, Defendant filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant filed a Motion for Summary Judgment and that a response must be filed by July 7, 2005. (Doc. No. 14.) That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion. . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff was granted an extension of time to file a Response by Order dated June 24, 2005. (Doc. No. 16.) Plaintiff has failed to file a Response.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff alleges that he was exiting the gym at FCI Jesup and cut his arm on the door. He contends that the glass in the door was broken, and because he was unable to see that the glass was broken, he put his hand through the jagged glass. Plaintiff asserts that there were no signs or other notices that the door presented "imminent danger," and the prison employees acted negligently. Plaintiff alleges that he suffered physical injuries as a result of this negligence and that he is entitled to $75,000.00 in damages. Additionally, he asserts that he should be allowed to have "constructive surgery." (Compl., p. 3.)

Defendant contends that it met its duty to exercise ordinary care and diligence for Plaintiff's safety. Defendant also contends that Plaintiff failed to exercise ordinary care for his own safety and that his negligence was the proximate cause of his injury. Finally, Defendant contends that Plaintiff would only be entitled to $25,000.00 in damages, as this is the amount he sought in his administrative claim.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co.,

2

AO 72A
(Rev. 8/82)

Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge its burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813, 96 S. Ct. 1971, 1975, 48 L. Ed.2d 390

(1976). An action brought under the FTCA is governed by the law of the state where the negligent act or omission occurred. See Stone, 373 F.3d at 1130. "To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard;" (3) a "causal connection between the conduct" and the injury; "and (4) loss or damage . . . resulting from the breach." McQuaig v. Tarrant, 269 Ga. App. 236, 237, 603 S. E.2d 751, 752 (2004). The plaintiff bears the burden of proof to show that the accident and damages were caused by specific acts of negligence by the defendant. Id. at 238, 603 S. E.2d at 753.

Defendant alleges that Brian Edmunds, a recreation specialist at FCI Jesup, learned that the glass in a door leading to the gymnasium had been broken as a result of a cart being backed into the door. Defendant asserts that Edmunds instructed two orderlies to clean up the area, including all of the glass. Defendant avers that Edmunds placed brown tape across the opening of the door in the shape of a large "X" and posted a "Do Not Enter" sign on the outside of the door. (Def.'s Br., p. 2.) Defendant also avers that Oscar Moore, another recreation specialist, noticed the "X" and the "Do Not Enter" sign on the door. Defendant contends that its duty to exercise care and diligence for Plaintiff's safety was met through Edmunds' actions. Defendant also contends that it is not clear that the absence of glass in the door was an unsafe condition which created an unreasonable risk of harm, especially in light of the posted warnings. (Def.'s Br., p. 8.) Defendant alleges that there is a handle on one side of the door and a push bar on the other side of the door to open it, and there was no reason for anyone to come into contact with the area in which glass was located. Defendant asserts that Plaintiff admitted that he used his

4

shoulder to open the door, which is not how the door was intended to be opened, and as a result, Plaintiff's lack of due care for his own safety caused his injuries. (Def.'s Br., p. 9.)

In support of its Motion for Summary Judgment, Defendant has submitted the affidavits of Brian Edmunds and Oscar Moore, which detail the clean up of the area, as well as the posting of warnings on the door. (Def.'s Exs. A-B.) Defendant also submitted Plaintiff's injury assessment form and the affidavits of Sonya Nanoy and Eduardo Limonta, medical personnel at FCI Jesup; these documents indicate that Plaintiff received some cuts, which were treated by medical personnel. (Def.'s Exs. C-E.) Defendant also submitted a Statement of Material Facts. (Doc. No. 13, Att. 1.) Based on Defendant's pleadings and the documents in support thereof, it appears that Defendant did not breach any duty it owed to Plaintiff. In contrast, Plaintiff has submitted nothing which would create a genuine issue of material fact as to whether Defendant breached its duty to him, thus creating his injuries.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Unopposed Motion for Summary Judgment (Doc. No. 12) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)